# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Roderick Arnez Whitaker | Case No: 5:09-CR-125-1BR<br>USM No: 51760-056 |
| Date of Original Judgment: June 4, 2010<br>Date of Previous Amended Judgment: September 11, 2015<br>*(Use Date of Last Amended Judgment if Any)* | James A. Martin<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(B)

Upon motion of  ☑ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(1)(B) for a modification of an imposed term of imprisonment to the extent otherwise expressly permitted by statute and as provided by Section 404 of the First Step Act of 2018, and having considered such motion, and taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  n/a  months **is reduced to**  n/a  .

*(Complete Parts I and II of Page 2 when motion is granted)*

The term of supervised release is reduced to 4 years.

See also page 1*.

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

Except as otherwise provided, all provisions of the judgment(s) dated  April 2, 2015, and September 11, 2015,  shall remain in effect. **IT IS SO ORDERED.**

Order Date:  6/6/2019

Effective Date: _____
*(if different from order date)*

W. Earl Britt   Senior U.S. District Judge
*Printed name and title*

Defendant was charged with, and convicted of, conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, with conduct concluding in 2008. At the time of sentencing, the applicable statutory penalties for that offense were not less than 10 years nor more than life imprisonment and 5 years to life supervised release. The Fair Sentencing Act of 2010 modified those penalties to not less than 5 years nor more than 40 years imprisonment and 4 years to life supervised release. Accordingly, the court concludes that defendant is eligible for relief under the First Step Act of 2018. See United States v. Davis, No. 07-CR-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 5, 2019).  Although defendant is eligible for relief, he is not entitled to plenary resentencing. Id.

At sentencing, the court downwardly varied from the sentencing guidelines range based on the sentencing disparity between cocaine base and cocaine offenses and upwardly departed from that range based on the inadequacy of defendant's criminal history category.  The court sentenced defendant to the top of the adjusted guideline imprisonment range, 162 months, and to 5 years supervised release.  Subsequently, on defendant's motion pursuant to 18 U.S.C. § 3582(c)(2), the court concluded defendant's amended guideline imprisonment range was 151-188 months and reduced defendant's sentence of imprisonment to the low end of that range, 151 months, to account for the fact the court could not downwardly vary for the cocaine base/cocaine disparity. Under the First Step Act, considering the new statutory penalties as if they were in effect at the time defendant committed the subject offense, defendant's reduced guideline range for imprisonment is the same as the amended guideline range determined on defendant's § 3582(c)(2) motion; however, defendant's reduced guideline range for supervised release is 4 years.  The court, in its discretion, declines to reduce defendant's term of imprisonment below the reduced guideline range.  Defendant's term of imprisonment remains 151 months.  The term of supervised release is reduced to 4 years.